THE PEOPLE OF THE STATE OF NEW YORK EX REL. GEORGE H. NICHOLS AND ANOTHER, RESPONDENTS, *v.* THE BOARD OF SUPERVISORS OF QUEENS COUNTY, APPELLANT.

*Supervisors — county charge — mandamus — the necessity of the disbursements by a sheriff to suppress an alleged riot presents an issue for the jury.*

The owners of a manufactory gave notice to the sheriff of the county in which the factory was, that certain persons threatened to destroy their premises and required him to protect them, and they advanced him moneys with which he paid his deputies. The sheriff subsequently assigned his claim for the amount thus advanced to the owners of the manufactory.

In a proceeding by *mandamus*, taken by such owners to enforce this claim against the county, the return denied that the employment of deputies was necessary.

*Held*, that this raised an issue which should have been submitted to the jury for decision, before any consideration was had of the question whether a sheriff could, in this manner, make the county liable.

APPEAL by the defendant, the Board of Supervisors of Queens County, from an order entered in the clerk's office of said county on the 20th day of February, 1890, granting a peremptory writ of *mandamus*.

*James W. Covert*, for the appellant.

*Sanford H. Steele*, for the respondents.

BARNARD, P. J. :

There was an issue of fact presented by the evidence which should have gone to the jury. The petition stated that the sheriff of Queens county employed deputies and officers for the defense of the property of the Laurel Hill Chemical Works. That the Laurel Hill Works gave notice to the sheriff that certain evil-disposed persons had collected in the vicinity of the works and threatened to destroy or injure the same. That the deputies and officers were necessarily paid for this service. That the money paid was advanced to the sheriff by the relator Nichols and that the sheriff had assigned the claim to the relator  The return denies any unlawful assembly of persons with an intent or with any threats of destruction or injury to the Laurel Hill Chemical Works. The return expressly denies

that the said special deputies and officers were needed to protect the works from destruction or damages, and that the expenditure, therefore, was necessarily made.

The proof upon the trial tended to show that there had been what is termed a strike on the part of the employees and that a considerable body of the retiring workmen and others had collected around the works. There was proof tending to show acts of violence; one to a boy who was bringing a dinner pail to his father who was working for the company after the strike. Another act of violence was the fact that a driver on one of the trucks of the relator's company was stopped. These acts were seven or eight hundred feet from the works. There was no proof which established, at all hazards, that the works were threatened. The acts of violence may have been solely addressed to the prevention of other workmen supplying the place of the retiring workmen and with no intention of injury to property. It was for the jury to say whether the employment of the officers was necessary. The sheriff was bound to protect the property of the company by "legal means." (Laws of 1855, chap. 428, § 3.)

The sheriff had the right to call for aid from the military. (Laws of 1878, chap. 275, amending Revised Statutes.) If this force had been called out, the pay of the force would have been a county charge. Whether or not the sheriff could make the county liable, by using money advanced by the threatened company to hire men, cannot be presented until it is found whether the advance was necessary to protect the property of the company.

The order directing a verdict and the judgment thereon should be reversed, and a new trial granted, costs to abide event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.